O’Neall J.
delivered the opinion of the Court
The motion to reverse the decision of the judge below, presents two questions for our consideration and judgment, viz: 1st. Can the plaintiff in replevin after the expiration of one month from the lodgment of his writ, be permitted to file his declaration ? 2nd. Is a judgment of nonpros, entered without an appearance, or where the appearance was entered after the time limited for the filing of the plaintiff’s declaration, irregular and void ?
*218 1st. The act of 1808 in the first clause directs that “all writs of replevin shall be returnable immediately;” in the second clause it is provided «‘that from and after the passage of this act, the plaintiff or plaintiffs in acti°ns of replevin, shall be bound to declare with--.n one from the lodgment of the writ in the sheriff’s office, without any rule or notice for that purpose'; and on failure of the sheriff-to make return thereof within the period aforesaid, the plaintiff or plaintiffs is, or are, hereby authorized to substitute the same as in cases of loss; and in case the said plaintiff or plaintiffs shall not declare within the period aforesaid, the defendant or defendants shall be at liberty to enter up judgment of nonpros, and proceed as in such case is provided by law.” The words of the act can leave no room for construction; the time within which the declaration is to be filed, is fixed at one month, and if it is not done, then the defendant has the right to enter up judgment of nonpros. Where the words of an act of the legislature are plain and intelligible, it is the duty of the Court to give them effect according to their meaning. If there was any doubt as to the sense in which they were used or the object to be effected, then it would be neeessary to resort to the rules of construction, to ascertain the intention. The rule prescribed by the act, is it is true, a rule of practice by which proceedings in the action of replevin are to be regulated ; but it does not therefore follow, that the Court can exercise any discretion in its application to cases within its letter. Rules of practice established by the Court, are its own creation, and may be altered at pleasure ; and cases falling within the letter, but not within the intention or object of a rule of the Court, may very well in the exercise of a sound legal discretion be exempted from its operation, and thus constitute exceptions to it. But over an act of the legislature we have no such discretionary power. The words used in the enactment are the only indicia of the intention, and we have no right to create exceptions which the legislature have not thought proper to make ; this would be exercising a power to amend *219 tlie law, not to declare what it is. It was contended that under this act as well as the Attachment law, the Court may allow time beyond that limited by the act, for the filing of the declaration. But there is an essential difference between the two acts in this respect. The attachment law directs the declaration to be filed within two months after the return of the writ “ unless sufficient cause shall be shewn to the justices for a longer time.” This provision clothed the Court with a discretionary power of allowing the declaration to be filed after the expiration of two months; and there is nothing in the act which made it necessary that the application for further time to declare, should be made before the two months expired. The general rule was fixed, and the power given to the Court to exempt cases, upon sufficient cause being-shewn, from its operation. In the act under consideration, it is provided that the plaintiff “shall be bound to declare within one month from the lodgment of the writ in the sheriff’s office,” and if he does not, the case is declared to be at an end, by the provision authorizing the defendant to enter up judgment of nonpros. The Court has but a single duty under the act to perform, to see that its provisions are complied with ; no discretionary power over the subject is confided to it. After authorizing the defendant to enter up judgment of non pros, the words of the act are, “and proceed as in such case is provided by law.” These words it was supposed by the counsel, contemplated that the judgment of non pros, should be merely interlocutory, and that the defendant would be compelled to go on at the succeeding Court and execute a writ of inquiry, and hence that the Court might treat it as a judgment by default, and set it aside on terms, and allow the plaintiff to file his declaration. Without conceding the conclusions drawn from the predicate, it will be sufficient for present purposes to shew, that the counsel was mistaken in his construction of the words Used by the legislature. They manifestly refer to, and adopt, the law as it stood in replevin, at the time the *220 ac^ passed, when a plaintiff let fall his action. The upon judgment in his favor on an avowry, or where the plaintiff makes default, or does not de-c^are or prosecute his action, and thereby becomes non-suited, is entitled to the writ de retorno habendo. Bac. Ab. tit. replevin, let. E. fig. 5. The Stat. 17 Car. 2 c. 7, authorizes the defendant, where the plaintiff is nonsuited before issue joined, to file a suggestion in the nature of an avowry, and have his damages assessed by a writ of inquiry, upon which judgment may be awarded, and he may have a fi. fa. or digit in his favor. Bac. Ab. tit. replevin, letter L. This statute is not made of force in this State by any act of the legislature, but it has been adopted in practice, City council v. Price 1st M’C. 299. Still the defendant might either have the writ de retorno habendo, or sue on the replevin bond without any further proceedings after the judgment of non pros., as is said in Bac. Ab. title replevin let. L. “If the plaintiff be nonsuited, the defendant is not bound to proceed by writ of inquiry under the above statute 17 Car. 2 c. 7, but may if he pleases, bring his action against the plaintiff and his securities, on the replevin bond.” Any one of these proceedings, to wit, the retorno habendo, the application to have damages assessed under the Stat. 17 Car. 2 c. 7, or to sue on the replei in bond, was meant by the words “ and proceed in such case as is provided by law.”— None of them however would authorize us to conclude, that the judgment of non pros, was not final against the plaintiff ,• they all contemplate that his right of action is wholly ended and determined. The case of Rodericks v. Payne, 1st M’C. 407, does not purport to decide that the plaintiff in an action of replevin, may file his declaration at any time within a year and a day from the return of the writ. The declaration in that case-was filed within a month from the lodgment of the writ; and the plaintiff’s default consisted in not having any further proceedings for a year and a day. After declaration filed, the case stood upon the same footing as any other case, and the plaintiff was bound *221 to use the same diligence which would be required of him in other cases, and this was all which was decided in that case.
2nd. I agree with the plaintiff’s counsel that in general a judgment of von pros, cannot be entered up, where no appearance has been entered, or where it has been entered, after the case is out of Court. But the case before us under the act of 1808, is, I think an exception to the general rule. The act authorizes the “defendant or defendants” where the plaintiff makes default in filing his declaration, “to enter up judgment of non pros.’’’’ This provision does not even suppose the case to be in Court, for the writ is made returnable immediately in vacation and not in Term time; the time limited for the filing of the declaration is to be computed, not from the return of the writ, but from its lodgment. An appearance is strictly the defendant’s coming into Court at the return Term of the writ, and not at the time when the Sheriff is required to make the return. In strictness there could be no such thing as an appearance regularly entered, until the Term succeeding the lodgment of the writ. But under this act, the defendant may, upon the filing of the declaration, appear and plead to it. Until it is filed, there is nothing which he is to come in and defend. Until then no act can be required from him.— For if the declaration is not filed, he is entitled to enter judgment of non pros. After the declaration is filed the case is then in the situation of other cases, and if the defendant does not appear at the filing of the declaration, or at the succeeding Term, he would not be entitled to sign a- judgment of nonpros, for the plaintiff’s default. For then the case is properly in Court, and he must be so likewise, to avail himself of its judgment. To this extent and no further is the decision in the case of Rodericks v. Payne, 1 M’C. 407.
In the case before us the defendant is entitled to judgment of nonpros, before appearance, because the law supposes him for that purpose, in attendance ready to appear and plead upon the filing of the declar- *222 a^0n- Nothing appears on the record which enables us to say, that he made a default which precludes him from the benefit of the judgment of the Court.

The motion to reverse the decision of the Judge below, is dismissed.

Johnson J. concurred.
Harper J. absent.